## THE BRAZOS.

### LINDE DREDGING CO. v. CLYDE MALLORY S. S. CO.

#### No. 1367.

District Court, S. D. Texas, at Galveston.
March 25, 1930.

Harris & Watkins, of Galveston, Tex., for libelant.

Terry, Cavin & Mills, of Galveston, Tex., for claimant.

HUTCHESON, District Judge.

This is a suit on a "no cure, no pay" salvage contract for $7,000. Respondent answered admitting liability for $5,800 and filing a cross-libel for $1,200 to the Brazos as a result of the salvage operation.

Libelant answered that the damage to the Brazos was caused by the negligence of her crew, and filed a supplemental libel claiming $1,029.20 damages to the dredge on account of the claimed negligent acts.

The contract of libelant provided:

"It is distinctly understood and agreed that we shall be responsible for any damage done by us to the steamer with our dredge or other equipment but we shall not be responsible for acts of God, or other incidents beyond our control."

The contract also provided that the libelant should have the use of the vessel's engines, tackle, and other equipment if required.

The facts are: The Brazos had become stranded. Libelant with its dredge was undertaking to work her off. In consultation with the captain of the Brazos, it was decided that the anchor would be lifted, placed on a lighter, and carried by the lighter to a point selected, and then with the pull on the anchor chain move the ship. Nobody seemed to have anticipated that taking the weight of the anchor off the ship would free it.

As a matter of fact, when the anchor was lifted the ship commenced to move very slowly, and before it was stopped it slipped down onto the dredge, causing damage both to the ship and the dredge.

Respondent claims that the damage to the ship was caused by the negligence of Linde in not having made provision in the very contingency which he was hired to bring about, that is, the freeing of the ship, against her drifting down on the dredge.

The dredge was placed as it was for protection in doing the work, and it was well understood by all concerned that if the ship did come free it would almost inevitably drift down toward where the dredge was.

The respondent claims that Linde was negligent in not having a tug handy to hold the ship against such drifting, or its moving the dredge in the event it became free; but in addition respondent claims that the Linde Dredging Company is liable absolutely and apart from negligence under the terms of the contract, for the damage done by the collision to the steamer.

Libelant claims that the freeing of the vessel was an unforeseeable result of the removal they attempted; that there was no negligence on its part in not making provision against the drifting down of the ship, and that if or whether there was negligence on its part there was no negligence on the part of the officers and crew of the Brazos in handling the ship, ample time having elapsed from the discovery that the ship was drifting to the collision to have enabled the ship by proper handling to protect against it; that the ship should be held as negligent and the dredging company acquitted, or that both should be held as negligent and the damages divided.

Upon the point that the contract made the dredging company absolutely liable for damages to the ship, libelant declares: (1) That the contract protects against the affirmative act of the dredge and not a drifting down on the dredge by the ship, and (2) that it did not protect against the negligent act of the ship.

The case has presented considerable difficulty to me because libelant's claim that the ship was not properly handled just before the collision is not without considerable sup-

